IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30182
Conference Calendar

_____

CALVIN RAY ARCENEAUX, SR; SHELIA
ARCENEAUX; CALVIN RAY ARCENEAUX, JR.;
SHANNON DONOVAN; JAMES WHITE, JR;
JOSHUA ARCENEAUX; ACE TRUCK & TRAILER
REPAIR, INC.,

                                        Plaintiffs-Appellants,

versus

LARRY W. DURR, individually and in his
official capacity as police officer for the
City of Bossier City; ROYCE CHAPMAN, individually
and in his official capacity as police officer
for the City of Bossier City; TOMMY BLACK
individually and in his official capacity as
police officer for the City of Bossier City;
DALE TEUTSCH, individually and in his official
capacity as Deputy Chief of Police for the City
of Bossier City; CITY OF BOSSIER CITY; LARRY DEEN,
in his official capacity as Sheriff of Bossier Parish;
TED RISER, in his official capacity as Sheriff of
Webster Parish,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CV-84
- - - - - - - - - -
August 18, 1998

Before KING, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

    Plaintiffs appeal the district court's denial of their

motion for a preliminary injunction requesting the return of bank

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

accounts seized pursuant to a state forfeiture proceeding.  We have reviewed the record and the briefs of the parties and find that, contrary to appellants' arguments that the district court's decision was premised on a misinterpretation of <u>Penn Gen. Cas. Co. v. Commonwealth of Pennsylvania</u>, 294 U.S. 189, 195 (1935) and its progeny, the district court did not err in finding that it lacked jurisdiction over the accounts at issue.  Under <u>Penn Gen.</u>, until the state proceedings conclude or the accounts are released, the federal court cannot assert any jurisdiction over them, and nothing indicates that the principle developed in <u>Penn Gen.</u> applies only to competing forfeiture actions.  It applies to all suits "requiring that the court have possession or control of the property which is the subject of the suit in order to proceed with the cause and to grant the relief sought."  <u>Penn Gen.</u>, 294 U.S. at 195.  The district court's denial of a preliminary injunction is not a breach of its obligation to redress constitutional wrongs under 42 U.S.C. § 1983 and 28 U.S.C. § 1343.  The denial of the preliminary injunction does not dismiss appellants' constitutional claims, but was mandated by the limits of the district court's jurisdiction.

AFFIRMED.